ELI S. WEIN *vs.* JOHN J. LUCEY.

APRIL 8, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of trespass to recover damages for assault and battery. In the superior court a jury returned a verdict for the plaintiff for $300. Thereafter the trial justice granted the defendant's motion for a new trial and from that decision the plaintiff duly prosecuted his bill of exceptions to this court.

It appears from the evidence that on January 25, 1951 about 7:30 p.m. plaintiff, who was accompanied by his wife, was operating his automobile on Broad street in the city of Providence toward the center of the city. He drove through a red light because, as he contends, the traffic was congested and the engine of his car had stalled. He continued on his way for several blocks until he was directed by two officers in a patrol car to drive over to the curb and stop. After an interval he did so and one of the officers left the police car in order to question plaintiff. He was asked to produce his operator's license and car registration, which he failed to do. The defendant, a police sergeant, who had remained in the car, thereupon directed his brother officer to get into plaintiff's automobile and to have the latter drive it to the police station. This was done, except that plaintiff failed to follow the directions given him by the officer as to the route to be taken.

When plaintiff and the occupants of his car arrived opposite the police station defendant was already there waiting for them on the sidewalk in front of that building. The plaintiff, followed by his wife and the officer, ap-

proached defendant and a short argument ensued. The testimony is in sharp conflict as to what then took place. The plaintiff, who in general was supported by his wife's testimony, contends in substance that while they were on the sidewalk defendant seized him by the lapels of his overcoat, punched him on the chest several times, kicked him on the left foot and dragged him across the sidewalk into the station and to an office occupied by a police lieutenant. He admitted that he was not knocked down; that his body was not marked in any way; and that he did not require medical attention because of the incident. He complained chiefly of being humiliated. He was released in about fifteen minutes, after the police ascertained that he had an operator's license and registration for his car.

On the other hand defendant testified that plaintiff went through a red light on Broad street without stopping; that he was uncooperative as to his license and other matters when questioned later on Weybosset street; and that he was therefore told to drive to the police station. When he arrived there he shook his finger in defendant's face, blamed him for having been compelled to go to the police station, and threatened to report him to his superiors. Upon plaintiff's refusal to go into the station as requested, defendant took his left arm and the other officer his right arm and he was led into the building to the lieutenant's office.

The defendant explained the lighting in front of the station, described the steps leading up to the front door, how it opened, and the arrangement of the rooms in the building immediately inside the door. Both officers denied that plaintiff was seized, dragged, punched, or kicked in any manner. The police lieutenant testified in substance that plaintiff walked into his office in the station in front of both officers and shouted that defendant was drunk. The lieutenant quieted him and took him to an adjoining office for questioning. At that time plaintiff did not complain that he had been struck by defendant but he stated that

he had not passed through the red light. The police officer who accompanied defendant corroborated his testimony and that of the lieutenant.

In deciding a motion for a new trial the law is well settled that the trial justice is required to pass his independent judgment on the weight of the evidence and the credibility of the witnesses. His decision on such a motion will not be disturbed by this court unless it is clearly wrong. *DeRobbio* v. *Hart,* 71 R. I. 347. In the instant case it is clear that the trial justice realized his duty in respect to the motion before him. In reaching his decision thereon he briefly reviewed the evidence and came to the conclusion that the jury's verdict was incorrect; that the weight of the testimony was clearly in favor of defendant; that the damages awarded were excessive considering the testimony and the nature of the case; and that the verdict did not do justice between the parties. As bearing upon the credibility of plaintiff's wife, the trial justice stated that in his opinion she exaggerated considerably while testifying.

The plaintiff contends that in deciding the above motion the trial justice misconceived the evidence. Upon consideration it is our judgment that such contention clearly is not sound. The trial justice made no attempt to review the entire testimony in detail but sufficiently adverted thereto to satisfy us that he did not misconceive the material evidence. In granting the motion he was evidently exercising his independent judgment in accordance with his duty. Several reasons given by him furnish support for his decision. In the circumstances we cannot say that it was clearly wrong and we will not disturb it.

The plaintiff's exception is overruled, and the case is remitted to the superior court for a new trial.

*Aram K. Berberian,* for plaintiff.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Ass't City Solicitor, for defendant.